UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR H. CAUSEY, SR., <br> Plaintiff, <br> v. <br> OAKLAND POLICE DEPARTMENT, <br> Defendant. | Case No. 18-00034 BLF (PR) <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pretrial detainee at the Santa Rita County Jail, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] This matter was reassigned to this Court on January 17, 2018, after Plaintiff declined magistrate judge jurisdiction. (Docket Nos. 5 & 7.)

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that between July 20th and July 29th, the "Oakland Police" was "going around Oakland… with [his] picture making false claims about [him] committing a crime [he] did not do." (Compl. at 3.) Plaintiff claims that the Oakland Police Department made "false accusations" that he "broke in someone house and sexual assaulted a minor [*sic*]." (Id.) Plaintiff seeks damages. (*Id.*)

This complaint is deficient for several reasons. First of all, the allegations are insufficient to explain when the underlying incident occurred, i.e., the specific year of the alleged incident. Secondly, Plaintiff has failed to identify any individual actor by name; merely accusing the entire Oakland Police Department is not sufficient unless Plaintiff is attempting to assert municipal liability under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), by challenging an official policy or custom. Furthermore, Plaintiff has failed to allege the second element for a § 1983 claim, i.e., that a right secured by the Constitution or federal law was violated. Even liberally construed, it is unclear what right was violated by the Oakland Police Department's alleged actions. Plaintiff shall be given an opportunity to identify and name specific defendants and describe each of their actions that resulted in the violation of a specific constitutional right.

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983

2

only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to state sufficient facts to state a deliberate indifference claim as described above. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-00034 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: April 23, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge