UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAR H. CAUSEY, SR.,<br><br>Plaintiff,<br><br>v.<br><br>OAKLAND POLICE DEPARTMENT,<br><br>Defendant. | Case No. 18-00034 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, who is currently in custody at the Santa Rita County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] The Court dismissed the complaint for failure to state a cognizable claim, and granted leave to amend. (Docket No. 10.) Plaintiff filed an amended complaint. (Docket No. 12.)

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] This matter was reassigned to this Court on January 17, 2018, after Plaintiff declined magistrate judge jurisdiction. (Docket Nos. 5 & 7.)

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff claims that between July 28, 2017 and August 2, 2017, when he was arrested, members of the Oakland Police Department ("OPD") were slandering his name in the community by making false accusations that he broke into someone's home and sexually assaulted a minor. (Am. Compl. at 1.) Plaintiff is currently in custody in county jail. Plaintiff is seeking municipal liability against the OPD under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978), "for libelous act committed by [its] members." (Am. Compl. at 2.)

Plaintiff fails to state a claim upon which relief can be granted. Firstly, he fails to state a *Monell* claim because there is no allegation that the "members" of the OPD were acting under an official policy or custom. *See Monell*, 436 U.S. at 690. Furthermore, Plaintiff has failed to allege the second element for a § 1983 claim, *i.e.*, that a right secured by the Constitution or federal law was violated. *See West*, 487 U.S. at 48. Even assuming as true Plaintiff's allegation that OPD committed libel and slander, defamation alone does not state a constitutional claim, even when done under color of state law. *See Paul v. Davis*, 424 U.S. 693, 701-710 (1976); *Rutledge v. Arizona Board of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (no subject matter jurisdiction

2

over claim of slander by police officer because no violation of federal right). Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1), (2).

## CONCLUSION

For the foregoing reasons, the amended complaint is **DISMISSED** for failure to state a claim for which relief can be granted.

**IT IS SO ORDERED.**

Dated: Aug 6, 2018

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.18\00034Causey_dism(ftsac)

3